## Terry *v.* Windsor, Appellant.

*Negotiable instruments—Consideration—Accommodation maker.*

Promissory notes, given to the manager of a hotel on account of a bill for hotel accommodations and sums of money advanced, are supported by a valid and sufficient consideration if it appears that an extension of time was granted on the indebtedness to the hotel by reason of the giving of the notes; and it is immaterial that the maker may have signed the notes merely as an accommodation for the real debtor.

*Practice, C. P.—Trial—Satisfaction—Discontinuance—Evidence withheld until after trial—Discretion of the court.*

If the defendant, in an action upon promissory notes, withholds a receipt or order for discontinuance until after the trial, and then files it, there is a fair presumption that he desired to avoid having the court inquire into the circumstances under which the paper was obtained. It is within the power of the trial court to strike from the record a paper filed in such manner.

Argued April 12, 1922. Appeal, No. 24, April T., 1922, by defendant, from judgment of C. P. Warren County, June T., 1918, No. 38, on judgment for plaintiff non obstante veredicto, in the case of Carrol N. Terry v. Fred. E Windsor. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

134, (1922).] Statement of Facts—Opinion of the Court.

Assumpsit on promissory notes. Before LINDSEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant. The court subsequently entered judgment for plaintiff non obstante veredicto.

*Errors assigned* were the order of the court striking off satisfaction, the order of the court entering judgment non obstante veredicto, and the refusal to enter judgment upon the verdict for defendant.

*H. J. Muse,* and with him *C. E. Bordwell,* for appellant.

*D. I. Ball,* for appellee.

OPINION BY PORTER, J., July 13, 1922:

The plaintiff brought this action to recover the amount of two promissory notes made by the defendant, payable to the order of W. E. Woodman, dated January 16, 1918, and payable sixty days after date. The defendant filed an affidavit of defense, the averments of which now material may be thus stated; that the notes were given without consideration for the accommodation of Woodman and a man named Hurd, with whom the defendant was associated in business; that it was agreed that Hurd should take up the notes at maturity, and that the plaintiff was not a holder of the notes for value before maturity. The trial resulted in a verdict for the defendant; whereupon the plaintiff obtained a rule to show cause why judgment should not be entered in favor of the plaintiff non obstante veredicto, which rule the court made absolute, and the defendant appeals.

The issues raised by the pleadings were well defined. Were the notes given by the defendant without any consideration, for the accommodation of Woodman? Was the plaintiff a holder for value before maturity? These were the only issues upon which the jury was to pass,

but the testimony introduced by the defendant went far afield. Woodman, the payee named in the notes, was called as a witness on behalf of the plaintiff and testified that he had delivered the notes to the plaintiff as collateral security for a debt which he owed the latter, but as the verdict of the jury was in favor of the defendant we must, for purposes of this case, assume that the plaintiff was not a holder for value before maturity. That does not, however, determine that he had no right to recover, it only puts him into the shoes of Woodman.

Was the evidence sufficient to warrant a finding that the notes were given without consideration? The notes contained an absolute promise to pay. The only testimony tending to show that they were given without consideration was that of this defendant. He testified that, in January, 1917, he and Anderson T. Hurd had entered into an agreement under the terms of which leases for oil and gas were to be acquired, for their joint profit, upon properties in the State of Kentucky, and that Hurd had agreed to pay all the expenses; that Hurd had taken him to the hotel, in the City of New York, of which Woodman was manager; that Woodman had agreed to furnish the defendant with accommodations at the hotel and certain sums of money to be used in the business of the defendant and his partner Hurd; and that it was agreed by and between the parties that Hurd would pay to said Woodman the hotel bills contracted by the defendant, as well as the money furnished by Woodman to the defendant. This testimony was flatly contradicted by that of Woodman and Hurd, and, if the defendant had not given the notes, his liability for the hotel bill would have been a question for the jury. The testimony of the defendant rendered it clear that when these notes were given there was due the hotel an unpaid bill, for accommodations and cash furnished the defendant, which equaled the aggregate amount of the notes. We say that it clearly appeared that this bill was not paid, for although the defendant presented a receipted hotel bill for part of the

amount, it appeared upon the face of that bill that it had been merely charged to Hurd and not actually paid. The testimony of the defendant disclosed that Hurd was not present at the time he received the receipted bill and that he knew nothing about whether Hurd had ever paid the bill. Hurd testified that he never had paid the bill. The hotel had furnished the accommodations and the cash and there was no testimony from which a jury should have been permitted to infer that the hotel had ever received the money to which it was entitled. If the debt was not that of this defendant, as testified by the witnesses for the plaintiff, then it was that of Hurd, the business associate of the defendant, according to the story of the latter. The notes were given for this debt; they may have been, according to the contention of the defendant, a promise to pay the debt of Hurd, but they were in writing, and by giving them the defendant secured for Hurd a postponement of the time of payment. It thus clearly appeared that there was a good and sufficient consideration for the notes. Woodman could have recovered had he brought this action and the question whether the plaintiff was a holder for value before maturity became immaterial. There was no evidence from which a jury should have been permitted to find that Woodman had made any promise with regard to the manner in which he would use the notes, nor that he would look to Hurd alone for payment. The learned judge of the court below did not err in entering judgment for the plaintiff non obstante veredicto.

The trial of this cause began on October 25, 1920, and the verdict was rendered, in favor of the defendant, upon the following day. On October 27, 1920, there was filed in the court below a paper in the following words: "August 27, 1920, Received of defendant satisfaction in full of above case, and authorize and direct the prothonotary to satisfy the same of record," signed by the plaintiff. The plaintiff presented a petition alleging that this paper had been procured by threats and duress; that there had

been no settlement between the parties on the day it was given; that he had received nothing of the defendant in satisfaction of the claim and praying that the paper be stricken from the record, and the court granted a rule on the defendant to show cause why this should not be done. The defendant filed an answer and the court after a hearing made the rule absolute. This paper cannot be considered as a satisfaction of the judgment for no judgment had been entered at the time the paper was executed nor when it was filed. It might have been evidence of an accord and satisfaction if the defendant had properly amended his pleadings and gone to trial upon that issue. It is to be regretted that it clearly appears that this paper was in the possession of the defendant at the time of the trial, that a jury was permitted to be empaneled without any attempt to amend the pleadings and the time of the court was occupied in trying the issue as then framed, without any attempt to call the attention of the court to the existence of this paper. Such conduct clearly indicates a desire to avoid having the court inquire into the circumstances under which the paper was obtained. Having had the paper in his possession before and during the trial it was manifestly improper for the defendant to attempt to use it for the purpose of putting an end to the case, after the trial had come to an end. If the paper is to be construed as an effort to discontinue the action, then it was within the power of the court to strike it off, which power was in this case well exercised.

The judgment is affirmed.